**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LEONARD M. KLUZ,**

          **Plaintiff,**

       v.                                **1:07-CV-184**
                                                **(GLS/RFT)**

**ORACLE CORPORATION,**

          **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| OFFICE OF RICHARD T. MORRISSEY<br>64 Second Street<br>Troy, New York 12180 | RICHARD T. MORRISSEY, ESQ. |
| **FOR THE DEFENDANT:** | |
| MORGAN, BROWN LAW FIRM<br>200 State Street<br>11th Floor<br>Boston, Massachusetts 02109 | LAURA M. RAISTY, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Kluz filed this diversity action for breach of contract, fraudulent

misrepresentation and promissory estoppel, following Oracle's failure to employ him as a temporary contractor.  *See Am. Compl., Dkt. No. 21.*  Pending is Oracle's motion for judgment on the pleadings and to strike certain allegations in Kluz's complaint.  *See* FED. R. CIV. P. 12(c); *see also Dkt. No. 17.*  For the reasons that follow, Oracle's motion is denied as premature.

## II. Background

On June 6, 2006, Kluz and Oracle entered into an oral agreement whereby Kluz agreed to provide certain technical and consulting services to the corporation.  *See Am. Compl. ¶7, Dkt No. 21.*  The terms of the contract provided that Oracle would use Kluz's services for a "period not to exceed one year," and although the duration of the contract was expected to be about a year, it was capable of being completely performed within one year from its making.  *See id. at ¶¶8-9.*  At the time the agreement was made, Kluz was already employed as a consultant for Los Alamos Technical Associates, Inc. (LATA).  *See id. at ¶10.*  Before leaving his position at LATA, Kluz requested a written confirmation of his new position at Oracle.  *See id.*  An Oracle representative, Mel Gadd, told Kluz, "this is a done deal, we want you to come on board, we want you to start very quickly.  I will

2

confirm that you have the job and we will arrange for a labtop to be sent to you so you can start working." *See Am. Compl. ¶11, Dkt No. 21.*  On June 12, 2006, Kluz received an email from Gadd stating "my apologies for not doing this earlier.  I'd like to formally offer you the contractor position we have discussed and outlined in the attached job description at the rate of $44/hr...I look forward to you joining us and working with you in the coming weeks." *See id. at ¶12.*

On June 13, Kluz accepted by email and quit his job at LATA soon after, expecting to start at Oracle on July 5.  *See id. at ¶¶12-13, 16.*  On July 5, Kluz was informed by Oracle that there was a delay in getting his contract approved but that it would only be temporary.  *See id. at ¶18.*  On August 4, Oracle informed Kluz that it was no longer pursuing the approval of his contract.  *See Am. Compl. ¶19, Dkt No. 21.*  This action followed.

### III.  Discussion

### A.  Motion for Judgment on the Pleadings

In deciding a Rule 12(c) motion for judgment on the pleadings, the court applies the same standard as is used in deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Greco v. Trauner, Cohen & Thomas, L.L.P.,* 412 F.3d 360, 363 (2d Cir. 2005).

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In other words, the court should dismiss the complaint pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (internal quotation marks and citation omitted).  "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted).  Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

**B.   Statute of Frauds**

The threshold issue here is whether Kluz's oral agreement with Oracle is barred by the New York Statute of Frauds.  Under the New York Statute of Frauds:

4

> a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
>
> 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime.

N.Y. GEN. OBLIG. LAW. § 5-701(a)(1). A contract that is "capable" of being performed within one year of its making is outside the statute. *See Zaitsev v. Salomon Bros., Inc.*, 60 F.3d 1001, 1003 (2d Cir. 1995).

The terms of the oral agreement at issue provide that Oracle would use Kluz's services "for a period not to exceed one year." *See Am. Compl.* ¶8, Dkt. No. 21. Kluz also alleges that "although the duration of the contract was expected to be about a year, it was capable of being completely performed within one year from its making." *See id. at ¶9.* As such, since the contract could be performed within 364 days, Kluz maintains that the Statute of Frauds does not apply. Oracle argues that the contract was instead for at least one year exactly, as originally indicated in Kluz's verified complaint. Therefore, Oracle maintains that the Statute of Frauds is applicable, and the oral agreement is void since it was not memorialized in writing. *See Dkt. Nos. 17, 1.*

5

At this early juncture, the court must accept the facts as alleged in the complaint as true and construe all reasonable inferences in Kluz's favor. Therefore, Kluz's allegation that the contract could be completed within a year will accepted as true until proven otherwise.  Oracle may renew its arguments based on the Statute of Frauds at a later time, if it so chooses. Accordingly, Oracle's motion for judgment on the pleadings and to strike is denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that defendant's motion for judgment on the pleadings and to strike (*Dkt. No. 17*) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

August 21, 2007
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge